OPINION
{¶ 1} Defendant-appellant, Dale Michael, appeals a Belmont County Common Pleas Court decision denying his motion for leave to amend a pleading.
 {¶ 2} On July 27, 2001, plaintiff-appellee, The Citizens Savings Bank, filed a complaint against Ralph Tolbert Auto Brokers, Inc. (Tolbert Auto) and ten other defendants, including appellant. Appellee alleged that appellant was an investor in and/or had a business relationship with Tolbert Auto, and that he claimed an interest in two Jeeps that he acquired in a transaction not in the ordinary course of Tolbert Auto's business. Appellee also requested in its complaint that all defendants, including appellant, set forth any claims and security interests to Tolbert Auto's assets.
 {¶ 3} Appellant filed his answer on August 24, 2001. He denied most of appellee's allegations, admitted that he claimed an interest in two Jeeps, asserted a counterclaim, stating that he had purchased the Jeeps from Tolbert Auto in the ordinary course of business, and asked that the court order appellee to release the Jeeps' certificates of title to him.
 {¶ 4} Appellant and appellee filed competing motions for summary judgment. On August 7, 2002, the trial court awarded summary judgment in appellant's favor and ordered appellee to transfer the Jeeps' certificates of title to appellant. Appellee satisfied this judgment on September 4, 2002.
 {¶ 5} On October 3, 2002, appellant filed a motion for leave to amend his answer to assert a new counterclaim against Tolbert Auto's holdback account at Wheeling National Bank (now Wesbanco). According to appellee, the holdback account was set up for the benefit of Tolbert Auto and Wesbanco for cars sold by Tolbert Auto and financed by Wesbanco. It was accessible to Wesbanco in the event that Tolbert Auto's customers defaulted on their loans. To satisfy the outstanding indebtedness owed to it, appellee claimed that, by reason of a perfected security agreement with Tolbert Auto, it was entitled to any surplus in the holdback account not claimed by Wesbanco.
 {¶ 6} On March 27, 2003, the trial court overruled appellant's motion, finding that appellant never alleged that his interest in the holdback account was perfected before appellee perfected its interest. Appellant appealed from this judgment. But this court dismissed the appeal for lack of a final appealable order as not all claims between all parties had been adjudicated.
 {¶ 7} Thereafter, Wesbanco notified all parties that the holdback account had been fully depleted. Because of this notification, appellee dismissed its remaining claim against Wesbanco on February 13, 2004. As this dismissal rendered the trial court's March 27, 2003 judgment a final appealable order, appellant then filed a timely notice of appeal on March 12, 2004.
 {¶ 8} Appellant raises two assignments of error on appeal. Because both of his assignments address the same issue, we will address them together. They state:
 {¶ 9} "The trial court denied Dale Michael due process of law and equal protection in overruling his motion for leave to amend and assert his compulsory counterclaim on the reasons stated in the trial court's entry in violation of Ohio Constitution ArticleI, Section 16 and the fourteenth amendment to the United States Constitution for injury to his property."
 {¶ 10} "The trial judge abused her discretion in failing to grant Michael leave to amend his answer to assert his compulsory counterclaim."
 {¶ 11} Appellant first argues that the trial court's order denied him due process. He claims that the court, without holding a trial on the merits, erroneously decided an issue of material fact; that is, that appellee had a perfected security interest in the holdback account and that appellant did not. Secondly, appellant argues that the trial court's conclusion that his security interest was never perfected pursuant to R.C.1309.322(A)(1) was plain error because the security in question is a deposit account in West Virginia. Therefore, appellant concludes, West Virginia law, not Ohio law, governs the perfection of his security interest. Next, appellant urges that, while the trial court stated that he never alleged that he had a perfected security interest prior to appellee's allegation, Ohio law on pleading is liberal, and that he clearly gave notice of his claim by asserting his counterclaim. Finally, appellant argues that the trial court abused its discretion in denying his motion for leave to amend because it was a compulsory counterclaim as defined by Civ.R. 13(A). Therefore, appellant concludes, the trial court abused its discretion in denying his motion to amend his answer in order to add this compulsory counterclaim.
 {¶ 12} It is within the trial court's discretion to grant or deny leave to amend and this court will not reverse the trial court's decision absent an abuse of that discretion. Mihalich v.Heyden, Heyden Hindinger, II, 9th Dist. Nos. 21318, 21321, 2003-Ohio-2848, at ¶ 29. Abuse of discretion connotes more than an error of law; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 13} Civ.R. 15(A) governs the amendment of pleadings and provides, in relevant part:
 {¶ 14} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."
 {¶ 15} When a party fails to assert a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the court may grant the party leave to assert the counterclaim by amendment. Civ.R. 13(F).
 {¶ 16} There is no question that in this case appellant asked for leave to amend well outside the 28-day limit and appellee did not consent. Therefore, he could only amend his answer by leave of court.
 {¶ 17} Although courts are to freely grant leave to amend when justice requires, in this case the trial court did not abuse its discretion in denying appellant's motion for leave to amend. Appellant did not file his motion for leave until over a year after his original answer was filed. Moreover, appellant's motion was made approximately a year after appellee deposed him. Additionally, appellant denied any business relationship with Tolbert Auto in his answer, leaving appellee with no reason to believe that he might have any claim against the holdback account. And appellant filed his motion nearly two months after the court awarded him summary judgment on his ownership rights to the Jeeps, settling all claims against him and effectively removing him from the litigation. Finally, although appellant claimed "oversight" as the reason for his delay in presenting this new counterclaim, the assignment agreement upon which the counterclaim is based was executed only five months prior to the filing of appellee's complaint. Therefore, a period of one year and seven months elapsed between the execution of the assignment agreement and appellant's motion for leave to amend.
 {¶ 18} For these reasons, appellant's motion was both untimely and unduly prejudicial to appellee in this case. Therefore, we cannot conclude that the trial court abused its discretion in denying appellant's motion. Hence, appellant's assignments of error are without merit. Furthermore, because appellant's motion was both untimely and unduly prejudicial, we need not reach his arguments regarding West Virginia law and whether he asserted a perfected interest.
 {¶ 19} Accordingly, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs. DeGenaro, J., concurs.